IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAMRAN NEZAMI and, § <br> KAMRAN NEZAMI, LLC, § <br>    *Plaintiffs*, § <br> § <br> § <br> v. § <br> § <br> GANSETT ONE, LLC, SES WEALTH § <br> ADVISORS, LLC, GW HOLDINGS, § <br> LLC, MASTANDSON, LLC AND § <br> SIDNEY TOBIAS, § <br>    *Defendants.* § <br> § | CIVIL ACTION NO. 1:14-CV-01123-LY |

### DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND COUNTERCLAIMS

Defendants Gansett One, LLC, SES Wealth Advisors, LLC, GW Holdings, LLC, Mastandson, LLC, and Sidney Tobias ("Defendants" or "Counter-Plaintiffs"), by and through their undersigned attorneys, file this Answer to Plaintiffs' Kamran Nezami and Kamran Nezami, LLC ("Plaintiffs" or "Counter-Defendants") Original Petition and Counterclaims. Any allegation or averment not specifically admitted herein is denied.

### I.
### DISCOVERY CONTROL PLAN

1. Paragraph 1 of the section entitled "Discovery Control Plan" sets forth the discovery control plan controlled by Texas state law requested by Plaintiffs to which no response is required. For the avoidance of doubt, Defendants deny that Plaintiffs are entitled to the discovery control plan sought, or to any other relief, against Defendants, and Defendants will meet and confer with Plaintiffs to attempt to agree to proper discovery parameters to the extent not already contemplated by the Federal Rules of Civil Procedure or the Local Rules.

## II.
## PARTIES

2.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies such allegations.

3.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies such allegations.

4.  Defendants deny the allegations of paragraph 4, except they admit that Gansett is a Delaware Limited Liability Corporation, that it does not maintain a registered agent in the State of Texas and make no answer to whether it is subject to jurisdiction in Texas and whether service was proper upon the Texas Secretary of State which call for legal conclusions and are therefore, denied.

5.  Defendants deny the allegations of paragraph 5, except they admit that SES is a New York Limited Liability Corporation, that it does not maintain a registered agent in Texas and make no answer to whether it is subject to jurisdiction in Texas and whether service was proper upon the Texas Secretary of State which call for legal conclusions and are therefore, denied.

6.  Defendants deny the allegations of paragraph 6, except they admit that GW is a New Jersey Limited Liability Corporation, that it does not maintain a registered agent in Texas and make no answer to whether service was proper upon the Texas Secretary of State which calls for a legal conclusion and are therefore, denied.

7.  Defendants deny the allegations of paragraph 7, except they admit that Mastandson does not maintain an agent for service of process in Texas and make no answer to whether service upon the Texas Secretary of State was proper and therefore, is denied.

8. Defendants deny the allegations of paragraph 8, except they admit that Mr. Tobias is a resident of New Jersey and is a member of Mastandson, LLC, that he has not designated an agent for service of process in Texas and make no answer whether service upon the Texas Secretary of State was proper and is therefore, denied.

## III.
## JURISDICTION/VENUE/TRCP 47 STATEMENT

9. Defendants deny the allegations of paragraph 9.

## IV.
## FACTS

10. Defendants admit the allegations of paragraph 10, except they deny the Agreements were entered into in early 2014 and deny that Plaintiffs had the legal right to sell to defendants interests in one or more of the limited liability companies referenced in this paragraph.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13, except they admit that the Agreements accurately reduced to writing the meeting of the minds that occurred between Plaintiffs and Defendants as to the time period during which Defendants could exercise the put options.

14. Defendants deny the allegations of paragraph 14, except they admit they timely exercised the Put Options.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16, except they admit that the Agreements do not contain an express term of when repayment must be made and that a

reasonable time is to be inferred by a Court, with the two weeks contained in the exercise of the Put Options being reasonable.

## V.
## APPLICATION FOR DECLARATORY JUDGMENT

17.     Defendants incorporate by reference paragraphs 1-16 as if fully set forth herein.

18.     Defendants deny the substance of what is sought in paragraph 18, except they admit that Plaintiffs seek to reform the contracts in the manner stated.

19.     Defendants deny the substance of what is sought in paragraph 19, except they admit the two weeks given to Plaintiffs to satisfy the Put Options was reasonable.

20.     Defendants deny the substance of what is sought in paragraph 20.

## AFFIRMATIVE DEFENSES

21.     Defendants are not subject to personal jurisdiction in the State of Texas, and therefore, this action must be dismissed as to one or more of the defendants.

22.     Venue is improper, and therefore, this action must be dismissed as to one or more of the Defendants or otherwise transferred to a proper and more convenient forum.

23.     The Agreements as to the terms of the Put Options are clear and unambiguous and must be interpreted as written, such writing of the terms of the Put Options being drafted by counsel for Plaintiffs during contract negotiation.

24.     There is no objective admissible evidence or good faith supporting Plaintiffs' claimed relief for reformation, and there is no ambiguity on the face of any of the Agreements that would allow for the resort to parole evidence or any other evidence that would seek to alter enforcement of the Agreements' plain and unambiguous terms. Plaintiffs and their counsel are aware of this fact, and a conversation with counsel for Plaintiffs during contract negotiations would have surely established that fact, such conversation being part of good faith due diligence

necessary to be effected prior to the filing of the Original Petition. As a result, Plaintiffs and their present counsel have violated the State and Federal Frivolous Claim Statutes/Rules and are obligated to reimburse defendants for all fees incurred in proceeding with this action, plus obligated to pay Defendants for any other damages suffered.

## COUNTERCLAIMS

25. Defendant/Counter-Plaintiffs, by way of Counterclaim against Plaintiffs/Counter-Defendants, state as follows:

## THE PARTIES

26. Upon information and belief, Plaintiff Kamran Nezami is an individual resident of Travis County, Texas.

27. Upon information and belief, Plaintiff Kamran Nezami, LLC is a Texas Limited Liability Corporation, having its principal place of business in Travis County, Texas.

28. Defendant Gansett One, LLC is a Delaware Limited Liability Corporation, having its principal place of business in New Jersey.

29. Defendant SES Wealth Advisors, LLC is a New York Limited Liability Corporation, having its principal place of business in New Jersey.

30. Defendant Mastandson, LLC is a New Jersey Limited Liability Corporation, having its principal place of business in New Jersey.

31. Defendant GW Holdings, LLC is a New Jersey Limited Liability Corporation, having its principal place of business in New Jersey.

32. Defendant Sidney Tobias is an individual resident of the State of New Jersey.

## JURISDICTION AND VENUE

33. As discussed below, this cause was removed from the District of Travis County, 98th Judicial District, which is in the Western District of Texas, Austin Division. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending.

34. Plaintiffs have also conceded venue and jurisdiction by way of the claims asserted in their Original Petition.

## BACKGROUND

35. On November 21, 2014, Plaintiffs filed suit in the District Court of Travis County, Texas, bearing Case Number 1-GN-14-004899, and styled "*Kamran Nezami and Kamran Nezami, LLC v. Gansett One, LLC, SES Wealth Advisors, LLC, GW Holdings, LLC, Mastandson, LLC and Sidney Tobias.*" *See* Original Petition and Request for Declaratory Relief, attached as **Exhibit A**.

36. As set forth in Plaintiffs' Original Petition, in 2014, the parties negotiated and entered into a series of agreements, pursuant to which Plaintiffs sold Defendants membership interests in a number of limited liability companies purportedly owned at least in part by Plaintiffs (the "Subject Membership Interests"), which included interests in the following companies:

      A. Healthscripts Specialty Pharmacy, LLC;

      B. Global Molecular Labs, LLC;

      C. Titan Genomix, LLC;

      D. Healthlabs of America, L.L.C.;

      E. Healthscripts Management Services, LLC;

      F. In-Office Lab Management, LLC;

      G. Titan Partners Management, LLC;

      H. Pharmacy Affiliates of America, LLC;

      I. Pharmacy Affiliates of Colorado, LLC;

      J. Pharmacy Affiliates of Houston Galleria, LLC;

      K. Pharmacy Affiliates of Indiana, LLC;

  L.  Pharmacy Affiliates of Missouri, LLC;

  M.  Pharmacy Affiliates of North Texas, LLC;

  N.  Pharmacy Affiliates of Oklahoma, LLC;

  O.  Pharmacy Affiliates of Southwest Texas, LLC;

  P.  Pharmacy Affiliates of Tennessee, LLC;

  Q.  Pharmacy Affiliates of Texas, LLC;

  R.  Pharmacy Affiliates of the Lone Star State, LLC, and;

  S.  Pharmacy Affiliates of the Southeast, LLC.

37. Through their interests acquired above, Defendants also acquired beneficial interests in other, related entities. For example, through Defendants' interest in Titan Partners Management, LLC, Defendants acquired a beneficial interest in Titan Partners, LLC (Titan Partners Management, LLC owns approximately 61% of Titan Partners, LLC) and Titanium Healthcare, Inc. (Titan Partners, LLC, in turn, owns approximately 51% of Titanium Healthcare, Inc.).

38. These agreements included (1) a Membership Interest Purchase Agreement dated March 12, 2014 between Plaintiffs and SES Wealth Advisors, LLC, with an addendum thereto dated March 13, 2014; (2) a Membership Interest Purchase Agreement dated March 24, 2014 between Plaintiffs and Mastandson, LLC; (3) two Membership Interest Purchase Agreements between Plaintiffs and GW Holdings, LLC, the first dated April 11, 2014, and a second dated May 21, 2014; and (4) a Membership Interest Purchase Agreement dated May 15, 2014 between Plaintiffs and Gansett One, LLC. The agreements and addendums thereto are attached as **Exhibits B-G** (the "Agreements"). Defendant Sidney Tobias did not sign an agreement with Plaintiffs. Rather, his interests were "purchased through" Mastandson, LLC, an entity in which Mr. Tobias is part owner.

39. During contract negotiations, the parties discussed a contract provision that would allow the purchasers-now-Defendants to obtain a refund of any amount paid to Plaintiffs in exchange for a return of the purchased membership interests at any point during the first eighteen months after closing (the "Put Option").

40. Although the Put Option clause was discussed between the parties during contract negotiations, it was omitted from the first agreement signed: the March 12, 2014 Membership Interest Purchase Agreement between Plaintiffs and SES Wealth Advisors. *See* **Exhibit B**. Once this omission was brought to Plaintiffs' attention, Plaintiffs and SES Wealth Advisors entered into an addendum to their original Membership Interest Purchase Agreements. The March 13, 2014 addendum included the pertinent Put Option provision contemplated during negotiations. *See* **Exhibit C**. The Put Option provision included in the SES Wealth Advisors March 13, 2014 addendum was included in the remaining Defendants' later-signed Membership Interest Purchase Agreements.

41. The contract provision at issue, which is identical in each operative agreement and/or addendum thereto, provides as follows:

> At any point during the period of eighteen (18) months following the Closing Date, Purchasers may elect, by written notice to Seller, to return and transfer to Seller all of the Subject Membership Interests in exchange for an amount equal to the Purchase Price minus (i) the balance of the Purchase Price that is then unpaid and outstanding, and (ii) the aggregate amount of distribution from the Companies paid to Purchaser.

42. Although the size of the Subject Membership Interests purchased by each Defendant, and thus the amounts paid to Plaintiffs, differ among Defendants, the Agreements are otherwise materially the same.

43. Defendants paid to Plaintiffs in accordance with the terms of the Agreements, the following, respective amounts:

      A.     SES Wealth Advisors, LLC paid Plaintiffs $250,000.00 in exchange for the Subject Membership Interests, **Exhibit B** (and $10.00 in exchange for the addendum to the parties' original agreement, **Exhibit C**)

      B.     Mastandson, LLC paid Plaintiffs $250,000.00 in exchange for the Subject Membership Interests, **Exhibit D**;

      C.     GW Holdings, LLC paid Plaintiffs $250,000.00 in exchange for the Subject Membership Interests, **Exhibits E and F**;

      D.     Gansett One, LLC paid Plaintiffs $600,000.00 in exchange for the Subject Membership Interests, **Exhibit G**;

44. In total, Defendants paid Plaintiffs $1,350,000.00 for their Subject Membership Interests.

45. On or about October 26, 2014, Defendants exercised their contractual Put Options, notifying Plaintiffs that Defendants wished to return and transfer the Subject Membership Interests in exchange for the monies Defendants paid. Defendants' collective email notice exercising their Put Options is attached as **Exhibit H**.

46. Plaintiffs have not recognized Defendants' contractual Put Options and have not otherwise returned to Defendants the monies paid in exchange for the Subject Membership Interests.

47. Instead of abiding by the Agreements' plain terms, Plaintiffs filed their Original Petition in Texas state court.

48. In their Original Petition, Plaintiffs allege that, despite the Agreements' consistent and plain language to the contrary, the Put Option provisions are subject to drafting error, and that instead of providing Defendants the right to refund "*during* the period eighteen (18) months following the Closing Date," the Agreements should have stated that Defendants' option could only be exercised "*after* the period eighteen (18) months following the Closing Date." Plaintiffs

also allege that Defendants have sought to impose an unreasonable time frame for Plaintiffs' performance under the Put Option clause.

49. Plaintiffs thus seek a declaration reforming the Agreements to provide that repayment can only be demanded "*after* the period eighteen (18) months following the Closing Date," and a declaration that repayment should only occur "within a reasonable time to be specified by the Court."

50. There is no objective admissible evidence or good faith basis supporting Plaintiffs' claimed relief for reformation, and there is no ambiguity on the face of any of the Agreements that would allow for the resort to parole evidence or any other evidence that would seek to alter enforcement of the Agreements' plain and unambiguous terms.

51. The total amount owed to Defendants is $1,350,000.00.

52. Demand for repayment under the Put Option terms of the Agreements was sent to Plaintiffs more than thirty (30) days prior to the date of the institution of these counterclaims, but Plaintiffs have failed and refused to pay the sum due and owing or otherwise respect the Put Option negotiated, agreed upon, and memorialized in writing. As a result of Plaintiffs' breach and failure to satisfy their indebtedness, Defendants have been damaged.

53. Subsequent to Plaintiffs' filing of their Original Petition, Defendants removed this cause to this United States District Court.

## FIRST COUNTERCLAIM – BREACH OF CONTRACT

54. All of the foregoing allegations are incorporated herein by reference.

55. Plaintiffs' failure to recognize Defendants' contractual Put Option and otherwise return to Defendants the monies paid in exchange for the Subject Membership Interests constitutes a breach of contract with each Defendant.

56. Plaintiffs' breach of contract has directly and proximately caused damage to the Defendants in the following, respective amounts:

   A. Defendant SES Wealth Advisors, LLC has been damaged in the amount of $250,000.00;

   B. Defendant Mastandson, LLC has been damaged in the amount of $250,000.00;

   C. Defendant GW Holdings, LLC has been damaged in the amount of $250,000.00; and

   D. Defendant Gansett One, LLC has been damaged in the amount of $600,000.00.

57. All conditions precedent have occurred and have been fulfilled.

58. WHEREFORE, Defendants, demand judgment in their favor and against Plaintiffs, jointly and severally, for the respective sums set forth above, together with interest and costs.

## SECOND COUNTERCLAIM – BREACH OF CONTRACT/WARRANTY

59. All of the foregoing allegations are incorporated herein by reference.

60. In addition to the Put Option provision discussed above, the Agreements also contained identical Representations and Warranties breached by Plaintiffs.

61. In Section 4 of each operative Agreement, Plaintiffs represented and warranted as follows:

> **4.   Representation and Warranties of Seller.** Seller Herby represents and warrants to Purchaser that:
>
> (a) Seller has good, clear, valid, and marketable title to the Subject Membership Interest and has sole ownership, beneficial and of record, of such Subject Membership Interest, free and clear of all Encumbrances (as defined below). Upon consummation of the transactions contemplated by this Agreement, Purchaser will obtain good and valid title to the Subject Membership Interest from Seller, free and clear of all Encumbrances. As used in this Agreement, "Encumbrances" will mean any security interest, pledge, lien (whether or not filed or recorded and whether or not inchoate and whether or not perfected), charge,

adverse claim of ownership or use, or any restriction on ownership, use, voting, transfer or receipt of dividends, or any other encumbrance of any kind.

(b) There are no actions, suits, proceedings, investigations, or directives pending or, to Seller's knowledge threatened or in process, in respect to the Subject Membership Interest or the Companies by any persons, including any governmental authorities and other payors, except for such disclosures previously made in writing to Purchaser.

62.  Plaintiffs breached these Representations and Warranties because, upon information and belief, at the time of the effective dates of each Agreement:

   A.   Plaintiffs did not own, free and clear of all encumbrances, an interest in at least Global Molecular Labs, LLC (and perhaps other companies identified in Paragraph 36 above);

   B.   there were tax liens filed against Mr. Nezami and/or his co-Plaintiff corporate entity exceeding $400,000.00;

   C.   there were judgments pending against Mr. Nezami and/or his co-Plaintiff corporate entity approximating $3,000,000.00;

   D.   there were lawsuits pending and/or threatened against Mr. Nezami and/or his co-Plaintiff corporate entity; and

   E.   there were investigations ongoing against and/or involving as a target Mr. Nezami and/or his co-Plaintiff corporate entity.

63.  Plaintiffs' breach of contract has directly and proximately caused the Defendants harm.

64.  All conditions precedent have occurred and have been fulfilled.

65.  WHEREFORE, Defendants, demand judgment in their favor and against Plaintiffs, jointly and severally, together with interest and costs.

## ATTORNEYS' FEES

66.  As a result of Plaintiffs' breaches of contract, Defendants have been required to retain the services of counsel, and have incurred and anticipate incurring reasonable and necessary attorneys' fees for the defense and prosecution of this action.

67. WHEREFORE, Defendants seek to recover such fees from Plaintiffs pursuant to Section 38.001, *et seq.*, of the Texas Civil Practice and Remedies Code and any operative provisions of the Texas Business and Commerce Code. All conditions precedent to the recovery of such fees, including presentment of the claim, have occurred and been fulfilled.

## **PRAYER FOR RELIEF**

68. WHEREFORE, Defendants respectfully requests that the Court enter judgment as follows:

69. that Plaintiffs' Original Petition and all claims asserted therein be dismissed with prejudice and all relief sought therein be denied;

70. that the terms of the Agreements are clear and unambiguous, need not be reformed, and should be enforced as plainly stated;

71. that two weeks, which now long passed, is more than a reasonable time to refund Defendants' monies paid;

72. that Plaintiffs be cited to appear and answer Defendants' counterclaims asserted herein;

73. that Defendants be granted judgment against Plaintiffs in an amount totaling not less than $1,350,000.00 (respective amounts set forth above), plus pre-judgment interest at the maximum allowable legal rate until the date of judgment;

74. that Defendants be granted judgment for its reasonable and necessary attorneys' fees, including fees necessitated by proceeding with this action, post-judgment collection efforts, and appeals;

75. that Defendants be granted judgment for all costs of court;

76. that Defendants be granted judgment for post-judgment interest at the maximum allowable legal rate on the total amount of the judgment from the date of judgment until paid; and

77. that Defendants be granted all such other and further relief, in law or in equity, to which they may show themselves justly entitled

DATED: December 29, 2014          Respectfully submitted,

BRACEWELL & GIULIANI LLP

/s/ *Edward A. Cavazos*
Edward A. Cavazos
Texas Bar No.00787223
Casey Low
Texas Bar No. 24041363
Benjamin L. Bernell
Texas Bar No. 24059451
111 Congress Ave., Suite 2300
Austin, Texas 78701-4061
Telephone: (512) 494-3633
Facsimile (800) 404-3970
Ed.Cavazos@bgllp.com
Casey.Low@bgllp.com
Ben.Bernell@bgllp.com

*Counsel for Defendants Gansett One, LLC, SES Wealth Advisors, LLC, GW Holdings, LLC, Mastandson, LLC, and Sidney Tobias*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the CM/ECF electronic noticing system, on this the 29th day of December, 2014.:

*/s/ Edward A. Cavazos*
Edward A. Cavazos